## NEW YORK OYER AND TERMINER.

### JANUARY, 1849.

Before EDMONDS, Justice, and two aldermen.

---

### THE PEOPLE v. DAVID SHERRY.

The true criterion to determine whether a homicide is murder or manslaughter, is an intention to kill.

In determining that question, it is proper to consider the language used by the prisoner at the time, and the reasons he gives for his conduct, but the jury must inquire whether the language used was the mere ebullition of a drunkard in his passion, or the product of a premeditated design to effect death.

INDICTMENT for murde.

In the early part of an evening, in November, the deceased

and the prisoner, both of whom were laboring men, both common drunkards, and both then intoxicated, ran against each other in the street. A scuffle ensued between them, which resulted in the deceased being thrown or knocked down, and prisoner was led away by some of the bystanders. He had not gone far before he broke away from those who were with him, and rushed back to the deceased, who was lying on the sidewalk on his back, and with both feet jumped on him with great violence, until he was taken off and put into the custody of the police. The deceased died in a few hours from congestion of the brain, the severest of his bruises having been on his head and breast.

When told that he would kill the man, the prisoner replied he hoped he had; and when asked why he had done it, he said it was " because he was a damned Englishman."

*The Judge* charged the jury that the main question was, whether the offense was murder or manslaughter in the second degree. Murder was effecting death with intention to kill. Manslaughter in the second degree was effecting death in a cruel and unusual manner, without an intention to kill.

The only facts in the case from which the jury might infer an intention to kill, was the returning to the deceased after he was prostrate, and then perpetrating the violence, and his having twice said he hoped he had killed him, but whether that was merely the ebullition of a drunken man in his passion, or the utterance of a premeditated design to effect death, was for the jury to consider, but it would not do for the jury to convict for murder unless they were clearly satisfied there was such premeditated design.

The verdict was, guilty of manslaughter in the second degree.